UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CHAD RYAN BOLT, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-364 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This matter comes before the Court on the motion of *pro se* petitioner Chad Ryan Bolt ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner did not file a memorandum in support of his Petition. Pursuant to the Court's Order (Court File No. 2), the United States filed a response to Petitioner's motion (Court File No. 3, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the reasons stated herein.

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:03-CR-90, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2003, Petitioner pleaded guilty pursuant to a written plea agreement to counts two, three, four and six of the second superseding indictment charging him with: (Count 2) making a firearm, specifically, a destructive device known as a "Molotov Cocktail"; (Count 3) being a felon in possession of a firearm, namely, a destructive device known as a Molotov Cocktail; (Count 4) attempt to damage real and personal property with the use of the Molotov Cocktail, namely, McCallie Homes, owned by the Chattanooga Housing Authority in Hamilton County, Tennessee; and (Count 6) damaging McCallie Homes and causing personal injury by means of an explosive device, as a result of Petitioner's use of the Molotov Cocktail at McCallie Homes (*see* Crim. Court File Nos. 30, 29). Petitioner stipulated to the following facts in the Plea Agreement:

> On December 24, 1998, the defendant [Chad Ryan Bolt] and his wife drive [sic] to an area known as "McCallie Homes," located in Chattanooga, in the Eastern District of Tennessee. McCallie Homes, which consists of multiple apartments, is owned by the Chattanooga Housing Authority, a federally funded institution. The defendant went specifically to 235 west 34th Street Circle, an apartment rented by a family of five. The defendant and his wife had recently moved from one of the apartments in the area and had experienced some disputes with that family.
>
> Prior to his arrival at the residence, the defendant had constructed a "Molotov Cocktail," an explosive destructive device, at his own house, using a beer bottle, gasoline, and a towel acting as a wick, items which had been shipped in and affecting interstate commerce. With the Molotov Cocktail in his possession, the defendant drove to the area of 235 West 34th Street Circle [the residence of LaDawn George], where he lit the bottle and threw it into the family residence located there, catching the building on fire. All five family members were present in the residence at the time, including three children. All of the children were treated at the hospital for fire-related injuries, and their father was also treated at the hospital for serious lacerations he suffered from breaking out windows as he attempted to help his family escape from the fire.
>
> The defendant and his wife subsequently confessed to the above-described conduct [to law enforcement officers]. Prior to December 24, 1998, the defendant had been convicted of a felony offense.

(Crim. Court File No. 30, Plea Agreement, ¶ 19).

The Presentence Investigation Report ("PSR") was prepared and provided to the parties. The probation officer determined for Count Three, the conviction for being a felon in possession of a destructive device, Petitioner's base offense level pursuant to USSG § 2K2.1(a)(4)(B)(i) was 20 (PSR at ¶ 27). Under USSG § 2K2.1(b)(3), the base offense level was increased by two levels because the Molotov Cocktail was a "destructive device" as defined in 26 U.S.C. § 5845(f) (*Id*. at ¶ 28). Pursuant to USSG § 2K2.1(b)(5), Petitioner received an increase of four levels because he used the destructive device in connection with another felony offense (Id. at ¶ 29). The offense level was increased by an additional two levels under USSG § 3A1.1(b)(1) because Petitioner knew children lived in the apartment and it was reasonably foreseeable to him that the children would be present because it was Christmas Eve (*Id*. at ¶ 30). Under USSG §§ 3D1.2(a) and 3D1.3(a), the grouping rules provided the adjusted base offense level of 28 for Count Three was the adjusted offense level for the group (*Id*. at ¶¶ 33, 44, 45).

Petitioner's offense level was reduced by three points for acceptance of responsibility, resulting in a total offense level of 25 (*Id*. at ¶¶ 46, 47). The statutory maximum terms of imprisonment, including any mandatory minimum terms, were as follows: Count Two, maximum of ten years; Count Three, maximum of ten years; Count Four, mandatory minimum of seven years up to a maximum term of 40 years; and Count Six, mandatory minimum of seven years up to a maximum term of 40 years (PSR at ¶¶ 73, 74; Crim. Court File No. 35, Judgment). With a criminal history category of IV, (PSR at ¶¶ 55-57), the effective Guideline range for imprisonment was 84 to 105 months (*Id*. at ¶¶ 73, 74).

Petitioner, through counsel, filed several objections to the PSR calculations. On November

3

4, 2003, the Government filed a motion asking the Court to depart upward from the Guideline range (Crim. Court File No. 31). On November 7, 2003, at the sentencing hearing, the Court overruled Petitioner's objections and found the PSR accurately stated the guideline range (Crim. Court File No. 35). The Court also denied the Government's motion for an upward departure. The Court sentenced Petitioner to 105 months on each conviction, to be served concurrently (*Id.*). Petitioner was represented by attorney Charles Dupree at all stages of the proceedings. Petitioner did not appeal his conviction or sentence.

On November 7, 2003, Petitioner timely filed the present motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. Petitioner now raises three claims attacking the judgment in his case (Court File No. 1 at 5). For the reasons stated below, these claims provide no basis on which the Court may grant his Petition.

## II.   STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must

reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Two of Petitioner's three claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

5

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient

6

> showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the
> ground of lack of sufficient prejudice, which we expect will often be so, that course
> should be followed. Courts should strive to ensure that ineffectiveness claims not
> become so burdensome to defense counsel that the entire criminal justice system
> suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

### III. DISCUSSION

Petitioner asserts three grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends (1) he was denied effective assistance of counsel when his attorney failed to object to the sentencing enhancements on Sixth Amendment grounds, relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004); (2) his sentence violates *United States v. Booker,* 543 U.S. 220 (2005)[2]; and (3) he was denied effective assistance of counsel when his counsel failed to file a direct appeal.

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not appeal his conviction or sentence and only two of his claims contain any reference to alleged ineffective performance on the part of his attorney. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not

---

[2]The Court assumes this is what Petitioner meant when he stated "Violation of issues to be decided by the U.S. Supreme Court in Booker, and Fanfan. (2004)" without any further factual support. The Court has combined the discussion of Petitioner's *Apprendi, Blakely,* and *Booker* claims (Court File No. 1, Grounds One, Two and Three, p. 5) in Section III, A of this memorandum.

attempted to demonstrate "cause" or "actual innocence."

Nevertheless, the Court will proceed to address the merits of Petitioner's claims because Petitioner would not be entitled to relief on his claims even if they had not been procedurally defaulted.

**A.     Ineffective Assistance of Counsel at the Time of Sentencing**

Petitioner first argues his counsel was constitutionally ineffective in failing to object to the sentencing enhancements on Sixth Amendment grounds, relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. As Petitioner was not sentenced beyond the prescribed statutory maximum period of forty years in for Counts Four and Six, Petitioner's counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission.

Regarding the *Blakely* allegations of ineffective assistance of counsel, *Blakely* was decided approximately seven months after Petitioner's sentence was imposed, and its reasoning applied to the federal Sentencing Guidelines following the January 2005 Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit has previously rejected a claim for ineffective assistance of counsel where counsel failed to anticipate and raise an objection based on the subsequent change in law in *Blakely* and *Booker*:

> Burgess's trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's June 24, 2004 holding in *Blakely* that the Sixth Amendment precluded the imposition of a sentence under Washington state's sentencing system based on facts not found by a jury or admitted by the defendant. See *Blakely*, 124 S.Ct. at 2537-38 (applying *Apprendi*). The Supreme Court had not even agreed to hear the appeal in *Blakely* until over a month after Burgess's sentencing. See *Blakely*

8

> *v. Washington*, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (Oct. 20, 2003). Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's January 12, 2005 decision in *Booker* to remedy potential Sixth Amendment problems in the application of the federal Sentencing Guidelines by declaring the Guidelines advisory only, *Booker*, 125 S.Ct. at 764-67, particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *Blakely*, 124 S.Ct. at 2538 n. 9.

*United States v. Burgess*, 2005 WL 1515327, *7 (6th Cir. June 22, 2005) (internal citations omitted). Since the Court chose a reasonable sentence at the top of the Guideline range and rejected the lowest sentence possible within the range, Petitioner fails to meet his burden to show prejudice resulting from this failure. Therefore, Petitioner's claim fails both prongs of the *Strickland* test. Counsel was not deficient in failing to raise these claims at the time of sentencing, nor was Petitioner prejudiced by their omission. Accordingly, the Court will **DENY** Petitioner's claims for relief on these grounds.

### B. Ineffective Assistance of Counsel in Failure to File an Appeal

Finally, Petitioner contends "[c]ounsel did not file a direct appeal." (Court File No. 1, p. 6). Failure to file an appeal in derogation of a defendant's express request is a *per se* violation of the Sixth Amendment. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000). Here, however, Petitioner has not alleged he requested or instructed his counsel to file an appeal; he has only alleged his counsel did not file a direct appeal. Failure to file an appeal in such circumstances does not constitute ineffective assistance of counsel. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request"). For the reasons stated above, these claims are completely without merit. Therefore, Petitioner's counsel was not deficient in failing to file a direct appeal, nor was Petitioner prejudiced by the omission. Accordingly, the Court

9

will **DENY** Petitioner's claim for relief on this ground.

IV. <u>**CONCLUSION**</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[3] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

---

[3]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**